# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08-CV-463 DJS |
| | ) |
| CHEESMAN SEED COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |

## MONSANTO'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Plaintiff Monsanto Company ("Monsanto") respectfully submits this memorandum in support of its motion for the entry of a protective order precluding Defendants Cheesman Seed Company, Eden Enterprise, Inc., International Oilseed Distributors, Inc., Midwest Oilseeds, Inc., Harry H. Stine, Stine Seed Company, and Stine Seed Farm, Inc.'s (collectively "Stine") from proceeding with its proposed Federal Rule of Civil Procedure 30(b)(6) deposition.

## INTRODUCTION

Stine seeks a Monsanto corporate representative to testify on September 9, 2008 concerning numerous different topics. While the parties are very close to reaching agreement with respect to deposition dates in September and October for the five Monsanto witnesses that Stine originally asked to depose, the parties have been unable to agree upon the Rule 30(b)(6) deposition date and its scope.

The proposed Rule 30(b)(6) deposition is improper for several reasons. First, with respect to all topics in the 30(b)(6) notice, Monsanto has informed Stine that some combination of the five witnesses already scheduled to provide testimony in their personal capacities will be

providing the corporate representative testimony on the nine topics identified in Stine's Rule 30(b)(6) notice of deposition. No valid basis exists to require these witnesses to appear on September 9 for a deposition when they are already scheduled for their personal deposition approximately three weeks later. Stine has offered no justification to take a Rule 30(b)(6) deposition on September 9, and will suffer no prejudice if the corporate representative depositions take place in conjunction with the currently-scheduled personal depositions. As a practical matter, given the numerous 30(b)(6) topics and the multiple witnesses that will likely be responsible for these topics, it will be impossible to complete the proposed 30(b)(6) deposition in one day, therefore requiring later dates anyway. In addition, Monsanto will not be in a position to provide fully informed testimony on behalf of the company on September 9, 2008 because Monsanto has not completed its review of all potentially responsive documents.

Second, Stine has no good faith basis for seeking a corporate representative to testify regarding several topics pertaining to Monsanto's document collection efforts. Monsanto has informed Stine on numerous occasions that Monsanto has collected both hard copy and electronic documents from many custodians. In addition, Monsanto is still in the process of reviewing documents for responsiveness and privilege. As such, Stine's complaints regarding any alleged deficiencies in Monsanto's production are premature and purely speculative. Simply put, Monsanto has fully complied with its discovery obligations and Stine has no reason to believe otherwise. Nonetheless, without a shred of support for its allegations of discovery violations, Stine seeks a 30(b)(6) deposition to inquire into these topics. Stine's request is unfounded and harassing.

This Court should enter an order quashing the September 9, 2008 Rule 30(b)(6) deposition and requiring Stine to take its corporate representative depositions simultaneous with

the personal testimony provided by the designated Monsanto witnesses. This Court should also prohibit Stine from obtaining corporate representative testimony on Monsanto's efforts to comply with its discovery obligations.

**BACKGROUND**

In late-July 2008, Monsanto and Stine engaged in the required Rule 26(f) conferences to discuss case scheduling and discovery issues. During these conferences, the parties agreed that mediation would be appropriate in mid-November 2008. Before mediation, however, the parties agreed that a limited number of depositions for both sides would be required. Accordingly, Stine indicated that it wished to depose five Monsanto witnesses before the mediation: Steve Joehl, Tim Schleuter, David Eichholtz, Ted Crosbie, and Carl Casale. The parties agreed that Monsanto would ascertain the availability of these five witnesses and provide Stine with potential deposition dates with the expectation that because the document collection and review would not be completed until the end of September, the depositions would take place in late-September and in October. At this time, Monsanto indicated that finding dates for Mr. Crosbie and Mr. Casale could be difficult as the two are high ranking executives with very limited availability due to extensive travel and other commitments.

After the final Rule 26(f) conference, Monsanto's counsel was in repeated contact with Monsanto to ascertain the availability of the requested witnesses and to devise a workable schedule for both preparation and deposition. Monsanto even developed a detailed deposition plan that included deposition preparation dates for all five witnesses and deposition dates, while spacing the depositions in a manner that would minimize travel and expenses for Stine's counsel.

While Monsanto's counsel was literally in the process of sending the proposed deposition schedule to Stine, Stine unilaterally noticed the depositions of these five Monsanto employees

without any prior consultation with Monsanto's counsel regarding dates or the schedule. Instead of scheduling all of the depositions for October, as had been originally discussed, Stine noticed the depositions as follows:

> Tim Schleuter:  September 29, 2008
> Ted Crosbie:  September 30, 2008
> Steve Joehl:  October 1, 2008
> David Eichholtz:  October 2, 2008
> Carl Casale:  October 6, 2008

<u>See</u> August 7, 2008 Letter, attached hereto as Exhibit A. In addition, for the *first time*, Stine also requested to take a Rule 30(b)(6) deposition of Monsanto on September 9, 2008. <u>Id.</u>

As a result, the "limited" depositions Stine asked to take before mediation had grown to six, with the addition of a Rule 30(b)(6) deposition that had not been mentioned in prior discussions. As part of its Rule 30(b)(6) deposition, Stine sought testimony on nine topics, three of which are relevant for purposes of this motion:

1. Monsanto's response to the First Request for Production of Documents;
2. Monsanto's efforts to look for and retrieve responsive hard copy documents maintained or formerly maintained by Steve Joehl, David Eichholtz, Mike Roth, Tim Schleuter, Ted Crosbie, John Schillinger, or other persons identified in Defendants-Counterclaimants' Answer to Monsanto's Interrogatory No. 1;
3. Monsanto's efforts to look for and retrieve responsive electronic documents.

<u>See</u> Stine's Notice of Deposition, attached hereto as Exhibit B.

Monsanto responded by offering Stine the dates that Monsanto had already worked out with its own witnesses and was about to suggest to Stine:

> Steve Joehl:  October 3, 2008
> Tim Schleuter:  October 24, 2008
> Ted Crosbie:  October 27 or 28, 2008
> David Eichholtz:  October 27 or 30, 2008
> Carl Casale:  October 29, 2008

See August 15, 2008 Letter, attached hereto as Exhibit C.  Even though Stine had originally indicated that October deposition dates were acceptable, and Monsanto's counsel obtained such dates from Monsanto in good faith based on that indication, Stine said that it wanted earlier deposition dates.  In the spirit of cooperation, Monsanto's counsel agreed to see if the five witnesses were available earlier.

After a second round of coordinating witness schedules and developing a preparation and deposition master plan, Monsanto provided Stine with earlier proposed deposition dates as follows:

> Steve Joehl:  September 29, 2008
> Tim Schleuter:  October 3, 2008
> David Eichholtz:  October 7, 2008
> Ted Crosbie:  October 21, 2008
> Carl Casale:  TBD[1]

See August 25, 2008 Email from Praiss, attached hereto as Exhibit D.  Stine responded, accepting the proposed dates for Mr. Joehl and Mr. Eichholtz.  Stine requested that Mr. Schleuter's deposition take place on October 1, which Monsanto accepted after checking with Mr. Schleuter for a third time.  Stine, however, requested an even earlier date for Mr. Crosbie[2] and insisted on taking the 30(b)(6) deposition on September 9.  See August 25, 2008 Email from Mansfield, attached hereto as Exhibit D.

Monsanto objected to proceeding with the 30(b)(6) deposition on September 9 because (i) some combination of the five witnesses to be deposed in late-September and early-October will likely testify as Monsanto's corporate representatives; and (ii) deposition dates for these witnesses had already been scheduled after great effort.  See August 29, 2008 Email from Praiss,

---

[1]  Mr. Casale's original date had become questionable since Monsanto's original communication.  On August 29, 2008, Monsanto informed Stine that Mr. Casale is available for deposition on October 22, 2008.  See August 29, 2008 Email from Praiss, attached hereto as Exhibit D.
[2]  Monsanto informed Stine that it had already provided Stine with the earliest available date for Mr. Crosbie.  See August 29, 2008 Email from Praiss, attached hereto as Exhibit D.

attached hereto as Exhibit D.  Monsanto also objected to proceeding with the 30(b)(6) deposition on September 9 because Monsanto is still reviewing additional documents for relevance and privilege and will not conclude that review by September 9.  Before an employee testifies on behalf of the company, Monsanto has the obligation to analyze the universe of relevant documents to ensure that its designees are prepared to testify on Monsanto's behalf.  In addition, the key witnesses who will be presented by Monsanto on a variety of the topics have already been set for dates certain after many hours of planning and coordination.

Moreover, Monsanto objected to producing a corporate representative to testify about Monsanto's document collection and production efforts because Monsanto had already informed Stine on at least two occasions that it had collected both hard and electronic documents from many custodians.  Id.; August 29, 2008 Letter, attached hereto as Exhibit E.  Without any good faith basis for suspecting that Monsanto was not following its discovery obligations, Monsanto claimed that Stine's three topics were based on nothing more than speculation and were, therefore, harassing and improper.

Stine responded by insisting on the September 9 date for the 30(b)(6) deposition and by serving its request for a seventh deposition, seeking to depose Mike Roth, Monsanto's in-house counsel.  See September 2, 2008 Email from Mansfield, attached hereto as Exhibit F.  Stine also insisted that Mr. Crosbie's deposition take place sooner than October 21, even though Monsanto had already informed Stine that October 21 was the earliest full day Mr. Crosbie could sit for a deposition.  Id.  Monsanto replied that it had already provided Stine with Mr. Crosbie's earliest available date and that it would seek guidance from this Court on the Rule 30(b)(6) deposition. See September 2, 2008 Email from Praiss, attached hereto as Exhibit G.

Since the parties were not able to resolve these issues, Monsanto has filed this motion for protective order.

## ARGUMENT

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . ." Fed. R. Civ. P. 26(c)(1).

The Eighth Circuit has emphasized that district courts "should not neglect their power [under Rule 26(c)] to restrict discovery where 'justice requires protection for a party or person from annoyance, embarrassment, oppression or undue burden or expense.'" Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 926 (8th Cir. 1999) (quoting Herbert v. Lando, 441 U.S. 153, 177 (1979)). In support, the Eighth Circuit noted:

> It is clear from experience that pretrial discovery by depositions has significant potential for abuse. . . . Because of the liberal discovery and the potential for abuse, the federal rules confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required.

Id. at 925 (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984) (citing to Fed. R. Civ. P. 26(c)).

As explained below, these principles are directly applicable in this case.

**I.    The Court Should Preclude Stine From Pursuing Its Rule 30(b)(6) Deposition on September 9, 2008 and Should Instead Obtain Corporate Representative Testimony on the Same Days Stine Deposes Witnesses in Their Personal Capacities.**

Stine insists on taking a corporate representative deposition on dates that do not work for Monsanto's witnesses or its attorneys. Because Monsanto has provided alternative dates that would cause Stine no prejudice if accepted, this Court should enter an order quashing the

September 9, 2008 notice of corporate representative deposition and setting the depositions for the alternative dates provided by Monsanto.

"Once their protection is sought, district courts have wide discretion to establish the time and place of depositions. Courts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order." Fausto v. Credigy Servs. Corp., 2008 WL 2441947, at *3 (N.D. Cal. June 13, 2008) (citing Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994)); see also Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ind. 2000) ("[T]he court has substantial discretion to specify the time and place of any deposition."). Courts, including the Eastern District of Missouri, have ruled that depositions should be scheduled for a mutually convenient time. See EEOC v. Danka Indus., Inc., 990 F. Supp. 1138, 1143 (E.D. Mo. 1997) ("[D]efendant must schedule the deposition when plaintiffs' attorneys are available to attend."); Seabrook Med. Sys., Inc. v. Baxter Healthcare Corp., 164 F.R.D. 232, 233 (S.D. Ohio 1995) (granting motion for protective order and ordering parties to confer to select an agreeable date for deposition).

Monsanto has informed Stine on several occasions that it will be unable to provide a corporate representative for deposition on September 9, 2008 for two primary reasons: 1) Monsanto is still reviewing documents for relevance and privilege and will not conclude that review by September 9; and 2) the witnesses who will serve as Monsanto's corporate representatives are available only a few weeks later. Monsanto has made repeated efforts, however, to obtain alternative deposition dates for the five witnesses Stine has specifically identified and has offered Stine two different sets of available dates. Neither set was sufficient for Stine. Stine continues to insist on taking a corporate representative deposition on a date that is simply not feasible.

Stine will suffer no prejudice if the 30(b)(6) deposition takes place in late-September or early-October 2008 as opposed to September 9, 2008. Discovery is still in its infancy as Rule 26(a) disclosures were exchanged on September 2 and Monsanto's document production is still occurring on a rolling basis. This Court's Case Management Order provides that discovery ends on March 31, 2009. Thus, there is plenty of time to take depositions and conduct discovery.

Stine's claim that an immediate 30(b)(6) deposition is necessary to support a motion for mandatory preliminary injunction that it *may* file in the future is overstated and simply incorrect. This Court's decision to issue (or not issue) a preliminary injunction will not be affected in any way by a three-week delay in a 30(b)(6) deposition. Moreover, Stine's claim to a mandatory preliminary injunction will succeed or fail based on the contracts at issue between the parties. These contracts, which are already in place, make clear that Stine has no right whatsoever to the future patented technologies it seeks in this case. No amount of testimony can alter the unambiguous language of these agreements.

In sum, Stine has no valid reason for demanding a corporate representative deposition on September 9 instead of the deposition dates already set for later that same month and in early October. This is particularly true in light of witness availability issues and Monsanto's need to review all documents before producing corporate designees.

**II.    The Court Should Preclude Stine From Deposing a Monsanto Corporate Representative on Topics 1-3 of Stine's Notice of Deposition Because Those Topics are Based Solely on Stine's Unfounded Suspicion and Speculation that Monsanto Has Not Produced Relevant Documents.**

When the corporate representative depositions are actually set for a mutually convenient date, this Court should prohibit Stine from inquiring on Topics 1-3 of Stine's Notice of Deposition, which seek a Monsanto corporate representative to testify about its document collection efforts. These topics are based solely on Stine's unsubstantiated suspicion and

speculation that Monsanto may not have produced all relevant electronic and hard copy documents. Stine has no evidence to support its "theory" that any such relevant documents have not been gathered and produced (if relevant and non-privileged).

Stine's mere suspicion and speculation does not provide it with a proper basis to proceed with the instant Rule 30(b)(6) deposition on Topics 1-3. In fact, federal courts (including the Eighth Circuit), have denied discovery requests under almost identical circumstances. See, e.g., Bituminous Materials, Inc. v. Rice County, Minnesota, 126 F.3d 1068, 1071 n. 2 (8th Cir. 1997) (district court properly barred deposition of county commissioner where plaintiffs sought to discover facts for their "unsupported allegations of personal animus"); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1326-27 (Fed. Cir. 1990)[3] (district court properly quashed deposition: "requested information is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation"); Bussey v. Phillips, 419 F. Supp. 2d 569, 592 (S.D. N.Y. 2006) ("Discovery is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support."); Allen v. Howmedica Leibinger, 190 F.R.D. 518, 522 (W.D. Tenn. 1999) ("Discovery may be denied 'where in the court's judgment the inquiry lies in a speculative area.'").

The holding in the above cases makes sense. A party should not be permitted to abuse the discovery process for the purpose of seeking facts to substantiate its speculative theories:

> The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim. That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request.

---

[3] The Eighth Circuit has cited to Micro Motion with approval. See Miscellaneous Docket Matter, 197 F.3d at 925.

Micro Motion, 894 F.2d at 1327 (italics in original) (citations omitted).

Consistent with these principles, this Court should preclude Stine from deposing a Monsanto corporate representative on Topics 1-3. The proper time to take such a deposition (if at all) is *after* a party actually has some factual basis to support its claim that relevant documents have in fact not been gathered and produced.

## CONCLUSION

For these reasons, Monsanto respectfully requests that the Court enter an order precluding Stine from proceeding with its proposed Rule 30(b)(6) deposition on September 9, 2008 and from examining a Monsanto corporate representative on Topics 1-3 relating to Monsanto's document collections efforts.

Respectfully submitted,

Dated: September 2, 2008          HUSCH BLACKWELL SANDERS LLP


By:   /s/ Joseph P. Conran
    Joseph P. Conran, E.D.Mo. # 6455
    joe.conran@huschblackwell.com
    Omri E. Praiss, E.D.Mo. # 35002
    omri.praiss@huschblackwell.com
    Greg G. Gutzler, E.D.Mo. # 84923
    greg.gutzler@huschblackwell.com
    Steven M. Berezney, E.D.Mo. # 499707
    steve.berezney@huschblackwell.com
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63105
    (314) 480-1500 – telephone
    (314) 480-1505 – facsimile

*Attorneys for Plaintiff Monsanto Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 2nd day of September, 2008, the foregoing was filed electronically with the Clerk of the Court for the United States District Court Eastern District of Missouri, Eastern Division, to be served by operation of that Court's electronic filing system upon the following:

Gerald P. Greiman, Esq.
ggreiman@spencerfane.com
Daniel D. Doyle, Esq.
ddoyle@spencerfane.com
Anne M. Lindner, Esq.
alindner@spencerfane.com
SPENCER FANE BRITT & BROWNE LLP
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105

Edward M. Mansfield, Esq.
emmansfield@belinlaw.com
Mark E. Weinhardt, Esq.
meweinhardt@belinlaw.com
BELIN LAMSON McCORMICK ZUMBACH FLYNN
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989

Paul D. Burns, Esq.
pburns@bradleyriley.com
BRADLEY & RILEY, PC
One South Gilbert Street
Iowa City, IA 52240

*Attorneys for Defendants*

               /s/ Joseph P. Conran